### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**TYRONE K. HOWARD**                                                          **PLAINTIFF**

vs.                                   **CASE NO. 4:11CV00631 SWW**

**STAFFMARK INVESTMENT LLC**                                  **DEFENDANT**

### AGREED PROTECTIVE ORDER

Plaintiff has requested, *inter alia*, production of information and documents related to defendant's business operations and personnel matters, which defendant deems confidential. Accordingly, defendant requests that any information it provides to plaintiff and any documents it produces to plaintiff in response to any request be subject to a protective order prohibiting the use and/or dissemination of such information except for purposes of this lawsuit. Plaintiff agrees to such a protective order.

IT IS AGREED BY THE PARTIES AND ORDERED AS FOLLOWS:

A.      Defendant will produce to plaintiff's counsel information and copies of the above-described documents as required by the Federal Rules of Civil Procedure.

B.      Defendant will designate such confidential material by marking it "Confidential – Subject to Protective Order" prior to production. All material and information so designated and all information derived therefrom shall be referred to in this Order as "Confidential Information."

C.      Confidential Information shall be used only for the purposes of the above-captioned action (including any appeals) and not for any business or other purpose whatsoever. Confidential Information shall not be given, shown, made available, discussed, or communicated in any way to anyone except those persons identified in paragraph D hereof. To the extent either party seeks to

use the other parties Confidential Information either in open court, or in the text of a pleading filed with the Court, the party agrees to request permission from the Court that such be done under seal. Nothing herein shall be construed to limit a party's use of its own Confidential Information in any way.

        D.     Confidential Information may not be disclosed to any person other than a Qualified Person. Qualified Persons are:

      1.     The individual parties to this litigation;

      2.     Counsel of record of the parties to this litigation;

      3.     Paralegal, clerical and other such personnel employed or retained by, or working under the supervision of, counsel of record of the parties to this litigation;

      4.     Officers of any corporate party;

      5.     Consultants or expert witnesses engaged by counsel;

      6.     Witnesses during testimony;

      7.     The Court and Court personnel; and

      8.     Any other person who is designated a Qualified Person by Order of this Court or written agreement of the parties.

        E.     All persons to whom Confidential Information are disclosed or by whom Confidential Information are used, including parties, consultants, experts and their representatives and all other persons described in paragraph D above (excluding the Court and Court personnel), shall be informed of the terms of this Protective Order and shall take all necessary precautions to prevent any disclosure or use of Confidential Information other than as authorized by this Order and shall agree to submit to the personal jurisdiction of this Court on any issue relating to compliance with this Order. Counsel for plaintiff shall take all reasonable steps necessary to advise any person

to whom Confidential Information may be disclosed, or by whom they may be used, of the terms of this Order, including obtaining written acknowledgment from such person that such person has read this Order and will comply with its terms in all respects.

     F.     The inadvertent or unintentional production of documents containing, or other disclosure of, confidential, sensitive or proprietary information without being designated as Confidential Information at the time of production or disclosure shall not be a waiver of a party's claim of confidentiality or right to designate the materials as Confidential Information either as to the specific material disclosed or as to related information; provided that confidential treatment can still be obtained without undue burden or expense on any party.

     G.     Any party seeking relief from the provisions of this Order or needing further protections may, if agreement cannot be reached among the parties, seek relief from this Court upon notice to all parties.

     H.     Within ninety (90) days of the termination of this action (including appeals), all Confidential Information, including but not limited to copies, summaries, and excerpts, shall be returned to defendant's counsel.

IT IS SO ORDERED THIS _28th_ DAY OF _June_ , 2012.

_____

HONORABLE SUSAN WEBBER WRIGHT
UNITED STATES DISTRICT JUDGE

**APPROVED AND AGREED:**


**Attorneys for Plaintiff**
**TYRONE K. HOWARD**

Sheila F. Campbell, Arkansas Bar No. 83239
SHEILA F. CAMPBELL, P.A.
2510 Percy Machin Drive
North Little Rock, Arkansas 72114-2140


**Attorneys for Defendant**
**STAFFMARK INVESTMENT LLC**

David P. Martin, Arkansas Bar No. 92241
ROSE LAW FIRM,
a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201

4

266020.1

**EXHIBIT A**
**TO AGREED PROTECTIVE ORDER**


**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**TYRONE K. HOWARD**                                                     **PLAINTIFF**

**vs.**                                    **CASE NO. 4:11CV00631 SWW**

**STAFFMARK INVESTMENT LLC**                                     **DEFENDANT**


**NON-DISCLOSURE AGREEMENT**

I certify that I have read the Agreed Protective Order (the "Order") in this action and that I fully understand the terms of the Order. I recognize that I am bound by the terms of the Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court, Eastern District of Arkansas, Western Division, for any proceedings involving the enforcement of the Order.

EXECUTED this _____ day of _____, 2012.


_____
Signature

_____
Name

_____
Affiliation

_____
Business Address